IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORMAN D. WICKS, SR., and
NORMAN D. WICKS, JR.,

        Plaintiffs,

    v.

DISTRICT ATTY, COLUMBIA CO.,
CITY OF SCAPPOOSE, and COLUMBIA
COUNTY COMMISSIONERS,

        Defendants.

Case No. 3:19-cv-01612-AC

ORDER TO DISMISS

SIMON, Judge.

    Plaintiffs bring this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiffs' Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses plaintiffs' Complaint.

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiffs[1] name as defendants the Columbia County District Attorney, the Columbia County Commissioners, and the City of Scappoose. The Complaint is largely incomprehensible. Plaintiffs allude to alleged assaults against them by unidentified individuals, criminal charges apparently brought against plaintiffs, treatment one or both plaintiffs received in the Columbia County Jail, and harassment by unidentified private and public individuals. By way of remedy, plaintiffs seek release of one of them (it is unclear from Complaint which one) from custody.[2]

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before

---

[1] The court notes that although the Complaint captions identifies Norman D. Wicks, Sr. and Norman D. Wicks, Jr. as plaintiffs, only one signature appears on the Complaint, that of "Norman D. Wicks." *Pro se* litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of other individuals. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("a non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a non-attorney may appear *in propria persona* in his behalf, that privilege is personal to him." *Id*. (citations omitted).

[2] The court notes that the address provided for both individual plaintiffs is a residential address, and it is unclear which, if either, is or was in custody.

dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.    Procedural Deficiencies

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *cf.* Fed. R. Civ. P. 8(e)(1) ("each averment of a pleading shall be simple, concise, and direct"). Plaintiffs' Complaint does not satisfy the pleading requirements of Rule 3 or Rule 8.

**II.     Substantive Deficiencies**

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" Id. (citation omitted).

Prosecutors are absolutely immune from liability for damages caused by conduct within the scope of their authority and "'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Absolute prosecutorial immunity is not defeated by a showing of malicious or wrongful conduct. *Imbler*, 424 U.S. at 431. Plaintiffs' complaint appears to involve conduct associated with the judicial phase of the criminal process. Accordingly, to the extent the Complaint may be construed to seek money damages, such a claim against the Columbia County District Attorney is barred by prosecutorial immunity.

To the extent plaintiffs seek injunctive relief barring the prosecution of criminal charges, such relief is not available under 42 U.S.C. § 1983. Federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431

(1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings"). Abstention under *Younger* is required when "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

It appears criminal proceedings against at least one, and perhaps both, of the plaintiffs were ongoing at the time the Complaint was filed. There is no question criminal proceedings involve important state interests. Accordingly, as to criminal proceedings were alleged to be ongoing at the time suit is filed, plaintiffs may not proceed in a § 1983 action. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (holding that *Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction . . . until after the jury comes in, judgment has been appealed from and the case concluded in the state courts"). Accordingly, plaintiffs cannot obtain the injunctive relief sought.

Finally, "persons" under 42 U.S.C. § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996). A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. Dept. of Soc. Serv. of City of New*

*York*, 436 U.S. 658, 691 (1978). Columbia County and the City of Scappoose may not be held vicariously liable under § 1983 simply based on allegedly unconstitutional acts of their employees. *Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. Instead, the municipalities may be held liable "when execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694. Plaintiffs do not allege facts supporting a claim that the actions allegedly taken by unidentified county and city employees in this case amounted to execution of a government policy or custom. Accordingly, plaintiffs do not state a claim against Columbia County or the City of Scappoose upon which relief may be granted.

## CONCLUSION

Based on the foregoing, the court DISMISSES plaintiffs' Complaint. Plaintiffs may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiffs are advised that the amended complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiffs allege is unconstitutional. Plaintiffs are advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement. Plaintiffs are further advised that they must each sign the amended complaint. Plaintiffs are cautioned that failure to file an amended complaint shall result in the dismissal of this proceeding.

Because the court finds no extraordinary circumstances, the court DENIES plaintiffs' Motion for Appointment of Counsel (ECF No. 3).

Because the court finds plaintiffs have not established a likelihood of success on the merits, the court DENIES plaintiffs' Motion for an Injunction (ECF No. 5).

IT IS SO ORDERED.

DATED this 22nd day of September, 2020.

                                        /s/ Michael H. Simon
                                        Michael H. Simon
                                        United States District Judge